UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSIE DeVRIENDT | Case No. 23-CV-03701 (PAM/JFD) |
| Plaintiff, | |
| v. | ORDER |
| COSTCO, | |
| Defendant. | |

Plaintiff Jessie DeVriendt filed the above-captioned civil matter. (Dkt. No. 1). Mr. DeVriendt did not pay the filing fee. Instead, he has requested to proceed in forma pauperis (IFP). (Dkt. No. 2). This matter is therefore currently before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). Upon that review and for the reasons outlined below, this Court orders Mr. DeVriendt to submit an amended complaint.

Upon review of Mr. DeVriendt's IFP application, this Court finds that he qualifies financially for IFP status. However, Section 1915(e)(2)(B)(ii) provides that an IFP application be denied, and an action dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As the Court understands it, Mr. DeVriendt alleges that Costco Distribution Center in Owatonna, Minnesota terminated his employment in retaliation after he reported sexual harassment. (Compl. (Dkt. No. 1)).  In the "statement of the claim" section of the Complaint, Mr. DeVriendt writes "please see attached paperwork. My response to Costco's position statement." *Id.* ¶ 10.  Mr. DeVriendt's Complaint provides no additional detail concerning the factual basis for his claims.  Instead, Mr. DeVriendt's Complaint includes 86 pages of exhibits, including the "Charge of Discrimination" Mr. DeVriendt filed with the Minnesota Department of Human Rights, (Dkt. No. 1-1) at p. 1, and the Determination of Notice of Rights from the United States Equal Employment Opportunity Commission, *Id.* at p. 2.

Courts consider "only the complaint and materials that are necessarily embraced by the pleadings and exhibits attached to the complaint" in assessing the plausibility of plaintiff's claims. *Meardon v. Register*, 994 F.3d 927, 934 (8th Cir. 2021) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). But federal courts are also not required to "divine the litigant's intent and create claims that are not clearly raised." *Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004). Accordingly, Mr. DeVriendt is directed to submit an amended complaint. That amended complaint must meet all of the following requirements:

- First, the amended complaint must be an entirely new pleading. It may not be a supplement or addition to the current Complaint; it must stand on its own.

- Second, the amended complaint must include a complete and coherent description of the facts giving rise to Mr. DeVriendt's claims.

- Third, the amended complaint must identify clearly each defendant Mr. DeVriendt intends to sue, describe what he, she or it did (or failed to do) that was unlawful, and explain how his or her or its action (or inaction) violated applicable law.

The court would normally order Mr. DeVriendt to submit an amended complaint within 21-days of the date of this order. Since 21 days from today is December 25, Christmas Day, the Court will order Mr. DeVriendt to submit an amended complaint on or before December 27. If Mr. DeVriendt fails to do so, this Court will review his original complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it fails to state a plausible claim as a matter of law.

**ORDER**

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**: Plaintiff Jessie DeVriendt shall submit an amended complaint on or before December 27, 2023, failing which the original complaint shall be subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Dated: December 4, 2023            _s/ John F. Docherty_____
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge