UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessie DeVriendt, | Civ. No. 23-3701 (PAM/JFD) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Costco Distribution Center, Efrain Adame, General Manager, and Bret Hay, Assistant Manager, | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss. (Docket Nos. 22, 26.) For the following reasons, the Motions are granted and Plaintiff Jesse DeVriendt's claims are dismissed.

## BACKGROUND

On December 1, 2023, Plaintiff Jesse DeVriendt, proceeding pro se, filed this lawsuit against a single Defendant—"Costco." (Compl. (Docket No. 1).) After being directed to file an amended pleading more specifically asserting the factual basis for his claims, DeVriendt filed an Amended Complaint on December 22, 2023. (Docket No. 4.) The amended pleading changes the corporate Defendant's name to Costco Distribution Center and names two additional Defendants, Efrain Adame and Bret Hay.

DeVriendt asserts in the amended pleading that he "filed corporate reports of sexual harassment and being in a hostile/intimidating work environment" on three occasions in early 2023, but that Adame and Hay "did not properly investigate" DeVriendt's claims. (Am. Compl. ¶¶ 10-11.) DeVriendt contends that he was fired on March 10, 2023, "in

retaliation to me reporting protected activity" and that "[t]his happened at Costco Distribution Center." (Id.) There are no further factual allegations in the Amended Complaint.

DeVriendt raises a claim under Title VII of the Civil Rights Act of 1964, claiming discrimination, sexual harassment, hostile work environment, and retaliation. (Id. ¶ 3.) The Amended Complaint also invokes an unspecified "other" basis for DeVriendt's claims for sexual harassment, hostile work environment, and retaliation. As discussed in more detail below, the Court will interpret DeVriendt's Amended Complaint as relying on Minnesota's companion to Title VII, the Minnesota Human Rights Act ("MHRA"), for these claims.

Defendants have separately moved to dismiss the Amended Complaint. Defendants Adame and Hay argue that statutory liability for employment discrimination does not lie against managers or supervisors, but only against an individual's employer. Defendant Costco Wholesale Corporation[1] ("Costco") contends that DeVriendt has failed to allege any facts to support a claim for employment discrimination against Costco.

DeVriendt filed an opposition memorandum referencing only Costco's Motion. It is thus not apparent that DeVriendt intends to pursue any claims against Adame and Hay.

---

[1] DeVriendt acknowledges that he incorrectly sued his former employer as Costco Distribution Center, rather than by its correct name of Costco Wholesale Corporation. (Docket No. 34 at 2.) Because DeVriendt's claims fail as a matter of law, this error is not relevant to the Motions' resolution. If DeVriendt were allowed to proceed, however, he would be required to re-plead to name the correct Defendant or Defendants he intends to sue.

**DISCUSSION**

In reviewing whether a Complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in DeVriendt's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the Complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the Complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

DeVriendt's pleadings lack any factual specificity whatsoever. His original Complaint attached an 86-page "exhibit" that appears to be his Equal Employment Opportunity Commission ("EEOC") file, including his charge of discrimination, Costco's response to the charge, including numerous exhibits outlining the basis for Costco's decision to terminate DeVriendt's employment, and DeVriendt's response to Costco's statement to the EEOC. (Docket No. 1-1.) As previously explained to DeVriendt, however, this exhibit is not part of his pleadings, to the extent that he intended it to be so. Moreover, DeVriendt did not include this exhibit with his Amended Complaint, which is now the operative pleading, nor did he repeat any of the allegations in the exhibit in support of the claims in the Amended Complaint. The Court will give DeVriendt's pleadings and

3

arguments the liberal construction to which they are entitled, but it is not the Court's responsibility to plead or argue DeVriendt's case for him. See Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

**A.    Adame and Hay**

According to the Amended Complaint, Adame was a manager and Hay an assistant manager at Costco's Distribution Center. (Docket No. 4 ¶ 10.) DeVriendt claims that these individuals failed to properly investigate his reports to the corporation regarding an allegedly hostile work environment and alleged sexual harassment. (Id.) But "a supervisor may not be held liable under Title VII." Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir.1999). Indeed, Title VII does not impose liability on individuals at all; Title VII is directed to the employing entity. See Spencer v. Ripley Cnty. State Bank, 123 F.3d 690, 691 (8th Cir. 1997) (noting that "individual employees are not personally liable under Title VII"). DeVriendt has therefore failed to state a Title VII claim as to Adame and Hay.

The MHRA's prohibition on workplace discrimination also applies only to employers. Minn. Stat. §§ 363A.08(2), 363A.03(16). As with Title VII, neither supervisors nor co-workers can be individually liable under the MHRA. Waag v. Thomas Pontiac, Buick, GMC, Inc., 930 F. Supp. 393, 406-08 (D. Minn. 1996) (Lebedoff, M.J.). DeVriendt has failed to state a claim under the MHRA against Adame and Hay. Adame and Hay's Motion is granted and DeVriendt's claims against them are dismissed.

B.     **Costco**

To sufficiently plead a claim against Costco, DeVriendt must set forth sufficient "factual content that allows the court to draw the reasonable inference that [Costco] is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). In other words, "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009). The Court "is not required to divine [DeVriendt's] intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." Id. (quotations omitted).

The Amended Complaint falls far short of pleading any factual content that would allow the Court to draw an inference that Costco violated either Title VII or the MHRA. DeVriendt does not describe any factual background whatsoever, merely stating that he "filed corporate reports of sexual harassment and being in a hostile/intimidating work environment" but his supervisors "did not properly investigate" those reports. These bare facts—which are the total of the factual averments in the Amended Complaint—do not suffice to plausibly plead an essential element of DeVriendt's claims: that the alleged discrimination, harassment, or retaliation was based on his gender. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 343 (2013) (A Title VII plaintiff must "show that the motive to discriminate was one of the employer's motives . . . ."). "In the context of a Rule 12(b)(6) motion to dismiss, this requirement is met by factual allegations plausibly showing that the defendant manifested bias relevant to the adverse employment action." Warmington v. Bd. of Regents of Univ. of Minnesota, 455 F. Supp. 3d 871, 882 (D. Minn.

5

2020) (Tostrud, J.).

DeVriendt has not set forth any facts from which the Court could infer that "the motive to discriminate on the basis of [his] sex was one of [Costco's] motives" in failing to investigate his reports of harassment and hostile work environment. Id. DeVriendt does not mention his gender at all in the Amended Complaint, much less explain how the few facts in the pleading are tied to his gender or a to motive to discriminate against him on the basis of his gender. As Costco argues, DeVriendt does not allege that a female employee was treated differently than he was in a similar circumstance, or that other male employees also suffered the same fate he alleges. In short, "the [Amended Complaint], read as a whole, does not plausibly give rise to the inference of discrimination on the basis of sex as the reason for [DeVriendt's] termination." Warmington v. Bd. of Regents of Univ. of Minnesota, 998 F.3d 789, 798 (8th Cir. 2021).

Including the exhibits attached to the Complaint as part of the factual allegations does not change this conclusion. DeVriendt describes what he believes was a conspiracy to post on the internet a video of him masturbating in his apartment in 2019, before he began working at Costco. (Docket No. 1-1 at 69.) The consequences from that video's online release ostensibly included comments and teasing by his Costco co-workers about the video's subject. (Id.) In addition, DeVriendt believes that others were listening to his phone conversations and had access to his text messages. (Id. at 70.) DeVriendt ultimately reported to Costco what he says was three years of sexually harassing behavior, but the harassment did not stop. (Id.) Indeed, DeVriendt believes that the "whole community [of

Owatonna] (population 28,000 people) is backing up Costco & trying to shut me down." (Id.)

But none of these allegations, even accepted as true, plausibly pleads that the conduct of DeVriendt's co-workers or Costco's response to his complaints was motivated by DeVriendt's gender. The failure to plead any fact that plausibly suggests a discriminatory motive is fatal to any claim under either Title VII or the MHRA.

**CONCLUSION**

DeVriendt has failed to state any claim on which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED that**:

1. Defendants Adame and Hay's Motion to Dismiss (Docket No. 22) is **GRANTED**;

2. Defendant Costco's Motion to Dismiss (Docket No. 26) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   June 3, 2024

                                            *s/Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge